```
                UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| D.O. and M.O., individually and on behalf of C.O., a minor child,<br><br>          Plaintiffs,<br><br>   v.<br><br>HADDONFIELD BOARD OF EDUCATION,<br><br>          Defendant. | Civil Action No.<br>10-cv-631 (NLH)(KMW)<br><br>**MEMORANDUM OPINION & ORDER** |

**HILLMAN, District Judge**

THIS MATTER having been brought before the Court by plaintiffs, D.O. and M.O., parents of their minor child, C.O., on their motion for class certification of their claims against defendant, the Haddonfield Board of Education; and

This case involving the constitutionality of Haddonfield Board of Education Policy 5132 ("24/7 policy"), and the Board's authority to adopt and enforce that policy, which punishes students for their actions off-campus--i.e., involvement with illegal drugs or alcohol--by exposing them to a range of consequences, including community service, alcohol/drug counseling, and exclusion from extracurricular activities; and

Plaintiffs alleging thirteen claims for violations of C.O.'s, as a student, and D.O. and M.O.'s, as parents, rights

under the federal and New Jersey constitutions[1]; and

Plaintiffs now requesting that the their case be certified as a class action pursuant to Federal Civil Procedure Rule 23; and

Rule 23(a) providing the prerequisites for a class action: "One or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class"; and

Plaintiffs arguing that they meet all four of Rule 23(a)'s prerequisites, but the Board arguing that plaintiffs do not; and

The Court recognizing that the class action is an "exception to the usual rule that litigation is conducted by and on behalf

---

[1] On February 14, 2012, after the filing of their motion to certify a class, plaintiffs were granted leave to file a Fourth Amended Complaint, which adds a claim for civil conspiracy against defendant, and expands the date range for potential class members. Plaintiffs have not sought to modify their current motion to seek class certification of that new civil conspiracy claim. Because, however, the Court will deny without prejudice plaintiffs' motion, no issue is presented at this time by plaintiffs' amendment.

of the individual named parties only," and "in order to justify a departure from that rule, a class representative must be part of the class and possess the same interest and suffer the same injury as the class members," Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2550 (2011) (quotations and citations omitted); and

The Court further recognizing that even though it must be determined whether to certify the action as a class action "[a]t an early practicable time," Fed. R. Civ. P. 23(c)(1), "[a]s a practical matter, the court's [certification decision] usually should be predicated on more information than the complaint itself affords . . . [and] [t]hus, courts frequently have ruled that discovery relating to the issue whether a class action is appropriate needs to be undertaken before deciding whether to allow the action to proceed on a class basis," Oravsky v. Encompass Ins. Co., 804 F. Supp. 2d 228, 240-41 (D.N.J. 2011) (citing 5C Wright, Miller & Kane, Federal Practice & Procedure Civil 3d § 1785.3, explaining that the practice employed in the overwhelming majority of class actions is to resolve class certification only after an appropriate period of discovery) (other citations omitted); and

The Court finding that even though discovery is underway in this case, plaintiffs' support for each Rule 23(a) element is

3

scarce and conclusory, and that plaintiffs have not "affirmatively demonstrate[d] their compliance" with Rule 23, Wal-Mart, 131 S. Ct. at 2551 (explaining that Rule 23 does not set forth a mere pleading standard); and

  The Court finding, for example, that plaintiffs have failed to adequately show the commonality requirement of Rule 23(a)(2), that there are questions of law or fact common to the class, or the requirement of Rule 23(a)(4) that plaintiffs are the representative parties who will fairly and adequately protect the interests of the class:

  Plaintiffs argue that because there is uniformity in the trigger and enforcement of the 24/7 Policy, there is both a question of law and fact common to everyone in the proposed class, and that plaintiffs are proper representatives. Defendants respond by pointing out numerous and differing ways that students and parents are affected by the Policy, and how those ways are different from C.O.'s situation.  Such differences include (1) self-reporting to the administration versus notification from police reports, (2) some students were required to pay for mandatory drug/alcohol counseling while many did not, (3) not all students were prohibited from participating in extracurricular activities, (4) although perhaps the Fifth

Amendment, violations for which C.O. claims in her complaint, may have been implicated for some students because of the 24/7 Policy, it does not appear that it applies to C.O., (5) although perhaps some students' and parents' due process rights were violated by the imposition of the 24/7 Policy, it does not appear that C.O. or her parents suffered the due process allegations alleged in her complaint, (6) C.O.'s complaint claims that students become subject to the 24/7 Policy by simply being listed on a police report, but she did not become subject to the Policy in that manner, and (7) C.O. appealed the administration's determination that she violated the 24/7 Policy, while other students did not.[2]

---

[2] Plaintiffs argue in their reply brief that these differences are immaterial because if the 24/7 Policy is found to be unconstitutional, that finding affects all putative class members, and demonstrates one common finding of law.  That argument may be true--if the 24/7 Policy is found to be unconstitutional on its face (e.g., per plaintiffs' first "Void for Vagueness" count), then it would follow that it would be unconstitutional to plaintiffs as well as the other students to whom it was applied, regardless of the differences in implementation.  If plaintiffs were moving for class certification solely on that narrow claim, perhaps that motion would be successful.  As noted, *infra* note 3, however, plaintiffs are moving for class certification on thirteen claims collectively, half of which are "as enforced" specific to plaintiffs.  Plaintiffs have not met their burden at this time to show how those claims, or the "as written" claims, meet the requirements of Rule 23, including commonality or class represenatation.

The Court finding that the U.S. Supreme Court has recently directed that "[c]ommonality requires the plaintiff to demonstrate that the class members have suffered the same injury," and "[t]his does not mean merely that they have all suffered a violation of the same provision of law," but that the common contention "must be of such a nature that it is capable of classwide resolution--which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke," Wal-Mart, 131 S. Ct. at 2551 (citations and quotations omitted); and

The Court finding that plaintiffs have not met their burden of showing that all thirteen constitutional violations claims can be resolved in "one stroke"[3];

---

[3] Because plaintiffs have not proven the "commonality" prong of the Rule 23(a) class certification prerequisites, the other three elements do not need to be considered. It may be that one or more of plaintiffs' claims, when individually analyzed, would meet all four elements of Rule 23(a), and be amenable to class certification under Rule 23(b). Plaintiffs, however, have sought class certification on thirteen claims *en masse*, and wish to abandon their other claims should those thirteen be certified. As the Court has found, plaintiffs' thirteen claims for defendant's alleged violations of students' and parents' various constitutional rights present numerous factual and legal permutations. Only if plaintiffs meet their burden of demonstrating how each claim meets the requirements of Rule 23 can the Court certify a class on those claims.

Consequently,

**IT IS HEREBY** on this ___21st___ day of_March__, 2012

**ORDERED** that plaintiffs' motion for class certification is **DENIED WITHOUT PREJUDICE** to plaintiffs' right to refile their motion in the future should they desire to do so, consistent with this Memorandum Opinion and the Court rules.

At Camden, New Jersey          _s/ Noel L. Hillman_
                               NOEL L. HILLMAN, U.S.D.J.

7